# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NICK L. MALLAS,<br><br>              Plaintiff,<br>vs.<br><br>NEW YORK COMMUNITY BANK; DOES I through X, inclusive; and ROE Corporations XI through XX, inclusive,<br><br>              Defendants. | Case No.: 2:12-cv-01445-GMN-GWF<br><br>**ORDER** |

Before the Court is the Emergency Ex Parte Motion for Temporary Restraining Order filed by Plaintiff Nick L. Mallas at 9:51 a.m. Friday, September 07, 2012. (ECF No. 8.) The following five sentences make up the entirety of the motion:

> COMES NOW Plaintiff, NICK L. MALLAS, an individual, and herein requests the following relief:
>
> **Background**
>
>     Plaintiff previously instituted this action to Quiet Title and for injunctive relief to bar any sale of the property located at 3061 Wandering River Court, Las Vegas, Nevada 89135.
>
>     Defendant NEW YORK COMMUNITY BANK has nonetheless noticed a Trustee Sale scheduled to take place on September 7, 2012.
>
>     NRS 107.080 provides that:
>
> *A sale made pursuant to this section must be declared void by any court of competent jurisdiction in the county where the sale took place if . . . an action is commenced in the county where the sale took place within 90 days after the date of the sale; and . . . A notice of lis pendens providing notice of the pendency of the action is recorded in the office of the county recorder of the county where the sale took place within 30 days after commencement of the action.*
>
>     In the instant matter, the Plaintiff has filed the instant suit and filed a notice of lis pendens. Thus, any sale herein would be void under Nevada law.

(ECF No. 8.)

The Local Rules of Practice for the District of Nevada require a motion to be supported by a memorandum of points and authorities. D. Nev. R. 7-2(a). "The failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion." D. Nev. R. 7-2(d). Furthermore, "[a]ll *ex parte* motions, applications or requests shall contain a statement showing good cause why the matter was submitted to the Court without notice to all parties." D. Nev. R. 7-5(b). "Motions, applications or requests may be submitted *ex parte* only for compelling reasons, and not for unopposed or emergency motions." D. Nev. R. 7-5(c).

Plaintiff has failed to include a memorandum of points and authorities, and has failed to include a statement showing good cause why the matter was submitted to the Court without notice to all parties. In addition to these procedural failures, Plaintiff has also failed to provide any basis for the Court to grant this motion on the merits.

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F.Supp. 2d 1111, 1126 (E.D. Cal. 2001). Furthermore, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

Preliminary injunctive relief requires a moving party to establish: (1) likelihood of

success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

Here, Plaintiff gives no explanation of the facts necessitating injunctive relief on an ex parte emergency basis. Plaintiff gives no explanation of when the notice of trustee sale was recorded, what time the sale was set to occur, nor any legal argument justifying the request. Accordingly, the Court likewise cannot find any basis on which to grant the motion.

**IT IS HEREBY ORDERED** that Plaintiff's Emergency Ex Parte Motion for Temporary Restraining Order (ECF No. 8) is **DENIED.**

DATED this 10th day of September, 2012.

_____
Gloria M. Navarro
United States District Judge